321 P.2d 628

Bernabe ROMERO, d/b/a De Vargas Barber Shop, Plaintiff-Appellant,

v.

The JOURNEYMEN BARBERS, HAIR DRESSERS, COSMETOLOGISTS AND PROPRIETORS INTERNATIONAL UNION OF AMERICA, LOCAL UNION NO. 501, A. F. OF L.–C. I. O., D. C. Long, O. A. Miller and John Carrillo, Defendants-Appellees.

No. 6259.

Supreme Court of New Mexico.

Jan. 13, 1958.

Dean S. Zinn, Santa Fe, for appellant.

Edwin L. Felter, Sante Fe, for appellees.

COMPTON, Justice.

The decisive question on appeal is whether an organizational controversy is a labor dispute within the meaning of § 1, C. 195, L. 1939, § 59–2–1, 1953 Comp., limiting the jurisdiction of the courts in labor disputes. The pertinent provision of the section reads:

"No court nor any judge or judges thereof within the state of New Mexico shall have jurisdiction to issue a permanent injunction or restraining order in any case involving or growing out of a labor dispute, * * * except

after findings of all the following facts by the court or judge or judges thereof:

"(a) That unlawful acts have been threatened or committed and will be executed or continued unless restrained;

"(b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted;

"(c) That complainant has no adequate remedy at law; * * *"

Appellant, plaintiff below, sought to enjoin appellees from picketing his place of business and to recover damages allegedly caused thereby. From an order denying the injunction and dismissing the complaint, appellant brings his appeal.

Appellant, secretary to New Mexico State Board of Barbers, is a barber himself and is engaged in operating the De Vargas Barber Shop in Santa Fe. Appellee, Journeymen Barbers, etc., is an unincorporated labor union affiliated with International Union of America. Appellee Long is a representative of International Union and the remaining appellees are officers of its local union.

Appellees, in an organizational drive for membership in New Mexico, contacted appellant on several occasions for the purpose of recruiting members, particularly appellant and his four employees. Previously appellant had entered into an agreement with owners or proprietors of other barber shops in the city to the effect that he would not join appellee union, at least without first advising them of his proposed action. So, he and his employees steadfastly refused to join and so advised appellee Long. Thereupon, appellant's shop became the focal point for picketing.

A picket line was established in front of appellant's shop. And picketing was continued for a total of 17 days, but no more than one picket patrolled at a time. There were no threats nor violence employed to coerce appellant or his employees into joining the union. The free use of the sidewalk in front of the shop was never obstructed, nor was the free ingress and egress to and from his shop. There were no flaring of tempers at any time. Actually, the pickets on several occasions spent part of their time just visiting with appellant and his employees.

While the trial court found the picketing was conducted in a lawful manner, the court found further that the facts presented a labor dispute. Appellant frankly admits that the picketing was peaceful in all respects; nevertheless, he contends (a) that no labor dispute existed, and, (b) that the picketing was unlawful since its objective was to coerce him and his employees into joining the union. These contentions cannot be sustained. The controversy compelled the conclusion reached by the trial

court, otherwise, employers and employees by mutual action might well circumvent unionization under any and all conditions. The right to unionize cannot be brushed off in such manner. While our act is silent as to what constitutes a labor dispute, it is a counterpart of the Norris-LaGuardia Act, C. 90, § 13, 47 Stat. 73, U.S.C.A. Title 29, § 113, which defines the term as follows:

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

We see, therefore, that labor disputes are not necessarily limited to disputes between employer and employees, but the term embraces organizational disputes as well. The cases, both state and federal, are in accord. Pomonis v. Hotel, Restaurant & Bartenders Union No. 716, 56 N.M. 56, 239 P.2d 1003; Garner v. Teamsters Union, etc., 373 Pa. 19, 94 A.2d 893; 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; A. F. of L. v. Swing, (Ill.) 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855; American Steel Foundries v. Tri-City Central Trades Council, 257 U.S. 184, 42 S.Ct. 72, 66 L.Ed. 189; New Negro Alliance v. Sanitary Grocery Co., 303 U.S. 552, 58 S. Ct. 703, 82 L.Ed. 1012. But picketing in an unlawful manner, or for an unlawful objective, is not constitutionally protected, even though there may exist at the moment a labor dispute. International Brotherhood of Teamsters, etc. v. Vogt, Inc., 354 U.S. 284, 77 S.Ct. 1166, 1 L.Ed.2d 1347; Baldwin v. Arizona Flame Restaurant, etc., 82 Ariz. 385, 313 P.2d 759, decided June 29, 1957; Lee Marks Mfg. Co. v. Teamsters Local 596, Pa.Ct. of Com. Pleas, Dec.Term, 1955; Lauf v. E. G. Skinner & Co., 303 U.S. 323, 58 S.Ct. 578, 82 L. Ed. 872; J. Radley Metzger Co. v. Fay, 4 A. D.2d 436, 166 N.Y.S.2d 87.

In Garner v. Teamsters Union, etc. supra [373 Pa. 19, 94 A.2d 895], the court held:

"* * * It is defendants' contention that the picketing carried on by them was solely for organizational purposes, that is, to persuade plaintiffs' non-union employees to join the Union. If such was indeed the fact the picketing was constitutionally protected and should not have been enjoined * * *."

In A. F. of L. v. Swing, supra [312 U.S. 321, 61 S.Ct. 570], the court held:

"* * * All that we have before us, then, is an instance of 'peaceful persuasion' disentangled from violence and free from 'picketing en masse or otherwise conducted' so as to occasion 'imminent and aggravated danger'. Thornhill v. Alabama, 310 U.S. 88, 105, 60 S.Ct. 736, 746, 84 L.Ed. 1093.

We are asked to sustain a decree which for purposes of this case asserts as the common law of a state that there can be no 'peaceful picketing or peaceful persuasion' in relation to any dispute between an employer and a trade union unless the employer's own employees are in controversy with him.

" Such a ban of free communication is inconsistent with the guarantee of freedom of speech. That a state has ample power to regulate the local problems thrown up by modern industry and to preserve the peace is axiomatic. But not even these essential powers are unfettered by the requirements of the Bill of Rights. The scope of the Fourteenth Amendment is not confined by the notion of a particular state regarding the wise limits of an injunction in an industrial dispute, whether those limits be defined by statute or by the judicial organ of the state. A state cannot exclude workingmen from peacefully exercising the right of free communication by drawing the circle of economic competition between employers and workers so small as to contain only an employer and those directly employed by him. The interdependence of economic interest of all engaged in the same industry has become commonplace. American Steel Foundries v. Tri-City Central Trades Council, 257 U.S. 184, 209, 42 S.Ct. 72, 78, 66 L.Ed. 189. The right of free communication cannot therefore be mutilated by denying it to workers, in a dispute with an employer, even though they are not in his employ. Communication by such employees of the facts of a dispute, deemed by them to be relevant to their interests, can no more be barred because of concern for the economic interests against which they are seeking to enlist public opinion than could the utterance protected in Thornhill's case. * * *"

In Negro Alliance v. Sanitary Grocery Co., supra [303 U.S. 552, 58 S.Ct. 706], the Supreme Court had this to say:

" * * * The Court of Appeals thought that the dispute was not a labor dispute within the Norris-La-Guardia Act because it did not involve terms and conditions of employment such as wages, hours, unionization or betterment of working conditions, and that the trial court, therefore, had jurisdiction to issue the injunction. We think that the conclusion that the dispute was not a labor dispute within the meaning of the act, because it did not involve terms and conditions of employment in the sense of wages, hours, unionization or betterment of working conditions is erroneous. * *"

At the oral arguments appellant leaned heavily on J. Radley Metzger Co. v. Fay, supra, to sustain his argument that the pick-

eting was unlawful, hence enjoinable. We fail to see where the case lends any material assistance. The presence of threats and violence was the determining factor of the case. In the main it stands for the proposition that state courts may enjoin picketing for unlawful objectives or picketing conducted in an unlawful manner. See also the recent case Youngdahl v. Rainfair, Inc., 78 S.Ct. 206, opinion by Justice Burton, to the same effect.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and McGHEE and KIKER, JJ., concur.

SADLER, J., not participating.